IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUILDER'S CHOICE, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:25-cv-03736 |
| | § | |
| IVAN MADRIGAL and | § | |
| ANTHONY YANNI | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Builder's Choice, Inc. ("Builder's Choice") amended its complaint to drop the only federal question and sole basis for Defendant Anthony Yanni's removal—a claim under the Computer Fraud and Abuse Act. The elimination of the only federal-law claim in this case likewise eliminates this Court's jurisdiction over this matter. Because jurisdiction must be determined based on this newly amended complaint, Builder's Choice respectfully moves to remand this case to State Court pursuant to 28 U.S.C. § 1447(c). In support, Builder's Choice shows the following:

### I.  NATURE AND STAGE OF THE PROCEEDING

This case is before the Court after having been removed from the 61st District Court of Harris County, Texas by Defendant Anthony Yanni. In its live pleading (Dkt. 4, the "Amended Complaint"), Builder's Choice seeks injunctive relief and declaratory judgment, and it asserts a cause of action for breach of fiduciary duty against Defendant Madrigal. Notably, *Builder's Choice is no longer asserting a cause of action under the Computer Fraud and Abuse Act*, which was the only federal cause of action and basis for Mr. Yanni's removal to this Court.

1

No discovery has yet occurred, and this case is at an early stage—Mr. Yanni filed his Notice of Removal during the scheduled time for the State Court's temporary injunction hearing in the underlying case.

## II.   ISSUE AND STANDARDS OF REVIEW

**Does the Amended Complaint necessitate remand? Yes.** The Court must remand this case because when a plaintiff amends its complaint following a suit's removal, a federal court's jurisdiction depends on the new complaint. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). And here, the new complaint removes Mr. Yanni's purported basis for federal jurisdiction. Legal questions concerning federal jurisdiction are reviewed *de novo*. A*braham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 259 n.41 (5th Cir. 2025) (citing *La. Indep. Pharmacies Ass'n v. Express Scripts*, Inc., 41 F.4th 473, 478 (5th Cir. 2022)). Further, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . ." 28 U.S.C. § 1447(d).[1]

## III.   PROCEDURAL BACKGROUND

Builder's Choice originally filed this case in the State Court on July 2, 2025. Builder's Choice filed the original petition in an attempt to stop Defendants from taking various harmful actions which they had been threatening (including filing bankruptcy on behalf of Builder's Choice without any authority to do so).[2] The State Court granted the requested TRO the same day. Ex. 1.

---

[1] Section 1447(d) contains exceptions for cases removed pursuant to 28 U.S.C. §§ 1442 or 1443, neither of which applies here.

[2] The requested relief included declaratory judgment that Defendants had been removed from their roles as officers, a claim for breach of fiduciary duty, an order enjoining Defendants from taking various improper actions, and expedited discovery into an unauthorized loan Defendants had taken out on behalf of Builder's Choice.

Immediately after the TRO was entered, Defendant Madrigal directly violated its terms by filing a petition for Bankruptcy purportedly on behalf of Builder's Choice.[3] *See In re. Builder's Choice, Inc.*, Case No. 25-33831, ECF No. 1 (Bankr. S.D. Tex., July 2, 2025). The Bankruptcy Court dismissed the Petition two weeks later "because it was filed without corporate authority." *In re. Builder's Choice, Inc.*, Case No. 25-33831, ECF No. 40 (Bankr. S.D. Tex., July 14, 2025).

Immediately after the bankruptcy petition was dismissed on July 14, 2025, Builder's Choice filed its Verified Amended Petition, Second Application for Temporary Restraining Order, and Second Request for Expedited Discovery in the State Court. The State Court granted another TRO the following day and set the temporary injunction hearing for *August 11 at 1:30 PM*.[4]

On *August 11 at 1:40 PM*, Mr. Yanni filed an improper[5] "Notice of Removal to Federal Court." Dkt. 1. He then filed the same Notice in the State Court at 2:02 P.M., stopping the hearing on the temporary injunction from occurring.

One day after the removal, Builder's Choice filed its Amended Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Dkt. 4. The Amended Complaint asserts the following causes of action: breach of fiduciary duties against both Defendants, declaratory judgment, and knowing participation in breach of fiduciary duty (against Mr. Yanni). Dkt. 4. Notably, there is no federal claim in the Amended Complaint.

---

[3] As Builder's Choice noted in its Emergency Motion to Dismiss the Bankruptcy, the attorney who filed the Bankruptcy Petition conceded that the TRO was signed before the bankruptcy petition was filed. *In re. Builder's Choice, Inc.*, Case No. 25-33831, ECF No. 7 (Bankr. S.D. Tex., July 3, 2025).

[4] The hearing was originally set for July 28, but was reset at Builder's Choice's request "[d]ue to Defendants' evasion of service" so that Builder's Choice would have time to complete substitute service. *See* Ex. 2 ("Expedited Motion to Extend Temporary Restraining Order," filed July 25 in the State Court); Ex. 3 ("Order Granting Expedited Motion to Extend Temporary Restraining Order," granted July 28 by the State Court).

[5] Among other flaws, Dkt. 1 failed to "contain[] a short and plain statement of the grounds for removal." Instead, it was simply a second copy of the notice he later filed in State Court.

## IV.  ARGUMENT

**A.  The Supreme Court recently confirmed that an amended complaint that eliminates the federal-law claim after removal dissolves federal jurisdiction.**

Earlier this year, the Supreme Court stated that "[w]hen a plaintiff amends [its] complaint following [the] suit's removal, a federal court's jurisdiction depends on what the new complaint says. *If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves*. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Royal Canin U.S.A., Inc.*, 604 U.S. at 30. "Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew. If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367).

This is in line with long-standing policies favoring remand. Because removal jurisdiction "raises significant federalism concerns," courts "construe removal statutes narrowly, with doubts resolved in favor of remand to the state court." *Roth v. Kiewit Offshore Services, Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quotation marks omitted). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B.  Because Builder's Choice's newly amended complaint drops the federal cause of action (which was Mr. Yanni's only stated basis for federal jurisdiction), the case must be remanded.**

The only basis Mr. Yanni raises for federal subject matter jurisdiction is that Count 3 (the Computer Fraud and Abuse Act) in the Amended Petition filed in the State Court is a federal cause of action. *See* Dkt. 2 at ¶ 3 ("This Court has original jurisdiction under 28 U.S.C. § 1331 because

4

Plaintiffs claims arise under federal law, specifically 18 U.S.C. §1030, et seq. (the 'CFAA')").[6] Builder's Choice has since filed the Amended Complaint that drops that cause of action; as such, there is no longer any federal-law claim or federal subject matter jurisdiction over this case. *See generally* Dkt. 4 (Amended Complaint); *Royal Canin U.S.A., Inc.*, 604 U.S. at 30 ("Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and §1367(a) does not authorize a federal court to resolve them.").

Because there is no longer federal subject matter jurisdiction over this case, this Court must remand the case to the State Court. *See* 28 U.S.C. § 1447(c) ("... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded..."); *see also* Royal Canin U.S.A., 604 U.S. at 43 ("the plaintiff's excision of [its] federal-law claims deprives the district court of its authority to decide the state-law claims remaining.").

## V.   CONCLUSION

Because federal question jurisdiction is no longer proper, and because Defendant Anthony Yanni did not comply with the procedural requirements of removal under 28 U.S.C. § 1446, this Court must remand the case to the 61st District Court of Harris County, Texas.

---

[6] While Mr. Yanni's Notice of Removal opens with the statement that he "files this Notice of Removal pursuant to 28 U.S.C. §§ **1332**, 1441, and 1446," Dkt. 2 at 1 (emphasis added), the mention of § 1332 (diversity of citizenship) appears to be a typo. Mr. Yanni makes no other mention of diversity jurisdiction, and his arguments are all under § 1331 (federal question).

Dated: August 12, 2025

*/s/ Colin Phillips*
John Zavitsanos
State Bar No. 22251650
jzavitsanos@azalaw.com
Nicholas Petree
State Bar No. 24083657
npetree@azalaw.com
Colin Phillips
State Bar No. 24105937
cphillips@azalaw.com
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney St., Suite 2500
Houston, Texas 77010
Telephone: 713-600-4904
Facsimile: 713-655-0062

*Attorneys for Plaintiff*
*Builder's Choice, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 13, 2025, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

*/s/ Colin Phillips*
Colin Phillips