**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BUILDER'S CHOICE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:25-cv-03736 |
| IVAN MADRIGAL and | § | |
| ANTHONY YANNI, | § | |
| | § | |
| Defendants. | § | |

**AMENDED NOTICE OF REMOVAL**

Defendant Anthony Yanni, files this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and respectfully supplements his previously-filed Notice of Removal (Dkt. 2) to assert an additional basis for removal: diversity jurisdiction.

## I.  INTRODUCTION AND TIMELINE

1.  Plaintiff Builder's Choice, Inc., filed its original petition in this action in the 61st Judicial District Court in Houston, Texas, on July 2, 2025. Mr. Yanni was never served with the original petition. Plaintiff then filed its Verified Amended Petition, Second Application for Temporary Restraining Order, and Second Request for Expedited Discovery ("Amended Petition") against both Mr. Yanni and another defendant, Ivan Madrigal, on July 14, 2025. Mr. Yanni has yet to be properly served with the Amended Petition. Nor has the Plaintiff effected service on the other defendant, Mr. Madrigal, based on the state court docket and Plaintiff's Motion for

substituted service.[1] Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446, as Mr. Yanni has filed it within 30 days of service.

2. Venue is proper in this Court under 8 U.S.C. § 1441(a) because Harris County, in which the state action was filed, lies within the Houston Division of the Southern District of Texas.

## II. <u>FEDERAL QUESTION JURISDICTION</u>

3. As set out in the original Notice of Removal, Plaintiff asserts claims under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (CFAA), which independently confers federal question jurisdiction under 28 U.S.C. § 1331.

4. Immediately after Mr. Yanni removed this case to Federal Court, plaintiff amended its complaint to remove its allegations under the CFAA. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims at the time of removal arise under federal law, specifically 18 U.S.C. §1030, *et seq.*

5. Federal jurisdiction is determined at the time of removal, and subsequent amendments to the pleadings cannot retroactively divest this Court of jurisdiction. The Supreme Court has made clear that "once a case is properly removed, a plaintiff cannot oust federal jurisdiction by later amending the complaint to eliminate the federal claim on which removal was based." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988) (recognizing that dismissal of federal claims after removal does not automatically deprive the federal court of power, but instead permits the court to decide whether to

---

[1] Attached at Exhibit A.

exercise supplemental jurisdiction over the remaining state-law claims). The Fifth Circuit follows this "time-of-removal" rule, holding that post-removal changes to the complaint do not destroy jurisdiction, but merely shift the analysis to the court's discretion under 28 U.S.C. § 1367(c) to determine whether to retain or remand the state claims.

6. Even if the Court finds that Plaintiff's amendment removed the federal question, the Court should exercise its discretion under 28 U.S.C. § 1367(c) to retain supplemental jurisdiction over the remaining state-law claims. Judicial economy favors retention because the case has already been removed, the Court has become familiar with the factual background through the pleadings and motion practice, and duplicative proceedings in state court would waste judicial resources. Convenience and fairness also weigh against remand: the parties and witnesses are located in Houston, the federal courthouse is equally accessible, and remand would only create additional cost and delay. Finally, while principles of comity are always relevant, the remaining claims are standard business tort and fiduciary duty disputes that federal courts routinely adjudicate. On balance, these factors support the Court's continued exercise of jurisdiction rather than forcing the parties to start over in state court.

7. Even if the Court were to conclude that it should not retain supplemental jurisdiction under § 1367(c), remand is still improper because this case is independently removable under 28 U.S.C. § 1332. Complete diversity exists between Plaintiff and the "properly joined and served" Defendants, and the amount in controversy exceeds $75,000.

## III.   DIVERSITY JURISDICTION AND SNAP REMOVAL

8. This Court also has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

    a. Plaintiff Builder's Choice, Inc. is a citizen of Texas.

    b. Defendant Anthony Yanni is a citizen of Florida.

    c. Defendant Ivan Madrigal is a citizen of Texas.

9. Plaintiff alleges that Defendants "caused BCI to default under its purchase contracts with Western by failing to pay approximately $5.5 million owed to Western." Plaintiff also alleges at least $100,000 of additional indebtedness. Although Defendants dispute both the truth of these allegations and Western's purported authority to act on BCI's behalf, the amount placed in controversy by the pleadings is controlling for jurisdictional purposes. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In addition to damages, Plaintiff seeks broad injunctive and declaratory relief concerning control of BCI, its financial obligations, and the validity of significant transactions. The value of such equitable relief is measured by the value of the object of the litigation to either party, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977), and here plainly exceeds $75,000 given that Plaintiff asserts alleged liabilities in the millions of dollars. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.[2]

---

[2] This case is styled *BCI v. Madrigal.* The pleadings indicate that Western — a competitor of Defendants that later became a shareholder and director of BCI and purported to take over the company — is the real party advancing

10. The "forum defendant rule" of 28 U.S.C. § 1441(b)(2) does not bar removal because neither defendant has been "properly joined and served."

11. The Fifth Circuit has expressly upheld this practice of pre-service or "snap" removal. *See Texas Brine Co., L.L.C. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020) ("[T]he plain language of § 1441(b)(2) precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."). Plaintiff has yet to effect service of process on either defendant; thus, the citizenship of the forum defendant, Mr. Madrigal, cannot defeat diversity.

## IV.   TIMELINESS AND AUTHORITY TO AMEND

12. This Amended Notice is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of receipt of the initial pleading.

13. Defendants may amend a notice of removal within this statutory period to assert an additional basis for jurisdiction. *See Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 932 (5th Cir. 1958) (defendant may "freely amend the notice of removal within the thirty-day period"); *Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961).

## V.  PROCEDURAL REQUIREMENTS ARE SATISFIED

14.    As of this filing, no defendant has been properly service; thus, no conset or joinder is necessary under 28 U.S.C. § 1446(b)(2)(A).

---

these allegations. Defendants dispute that Western validly took over or has the authority to assert claims on BCI's behalf. That dispute, however, does not diminish the fact that the damages Western seeks to impose (including an alleged $5.5 million default) place well over $75,000 in controversy.

15. Copies of all state-court pleadings will be filed promptly once obtained from the Harris County District Clerk.

16. Written notice of this Amended Notice of Removal will be provided to all parties and filed with the Harris County District Clerk as required by 28 U.S.C. § 1446(d).

17. Mr. Yanni denies the allegations in the Amended Petition and files this Notice of Removal without waiving any defenses, objections, exceptions, remedies, or obligations that may exist in his favor in either state or federal court. Defendants reserve the right to amend or supplement this Notice of Removal. In the event any questions arise as to the propriety of the removal of this action, Mr. Yanni requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of their position that this action is removable.

## VI. CONCLUSION AND PRAYER

Mr. Yanni respectfully requests that this Court accept this Amended Notice of Removal, exercise jurisdiction over this action under both federal question and diversity jurisdiction, and proceed as though it had been originally filed here.

Dated: August 18, 2025

Respectfully submitted,

MCKNIGHT LAW PLLC

*/s/ Colleen McKnight*
Colleen McKnight
State Bar No. 240976
801 Travis Street, Suite 2101, PMG 698
Houston, Texas 77002
Telephone: (713) 584-5645

colleen.mcknight@mcknightlaw.us

***Attorney for Anthony Yanni***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via electronic service upon the following counsel of record on August 18, 2025, via email and efiling.

*/s/ Colleen McKnight*
Colleen McKnight

Case 4:25-cv-03736   Document 7   Filed on 08/18/25 in TXSD   Page 8 of 8