United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AUG 25 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| BUILDER'S CHOICE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-cv-03736 |
| IVAN MADRIGAL AND ANTHONY YANNI | § § § | |
| Defendant. | § | |

### DEFENDANT IVAN MADRIGAL'S RULE 12(b)(5) MOTION TO QUASH SERVICE AND, IN THE ALTERNATIVE, MOTION TO DISMISS FOR INSUFFICIENT SERVICE

#### I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this action in state court on July 2, 2025. On July 25, 2025, the state court granted Plaintiff's motion for substituted service under TRCP 106(b). The method authorized involved posting and mailing. On August 11, 2025, this action was removed to this Court by co-defendant Anthony Yanni. This motion challenges the validity of that substituted service under TRCP 106 and Rule 12(b)(5).

#### II. ISSUES AND STANDARDS OF REVIEW

Defendant Ivan Madrigal ("Mr. Madrigal") moves under Federal Rule of Civil Procedure 12(b)(5) to quash the purported service attempts, or alternatively to dismiss this action for insufficient service of process. The Plaintiff bears the burden of establishing that service was valid once a challenge is raised. See *Wilson v. Dunn*, 800 F.2d 1290, 1292 (5th Cir. 1986). Dismissal or quashing of service is warranted to preserve Mr. Madrigal's due process rights and Rule 12(h)(1) defenses.

#### III. SUMMARY OF THE ARGUMENT

Plaintiff's service on Mr. Madrigal was defective and invalid under both state and federal rules. Despite Plaintiff's multiple attempts at service between July 17 and July 23, 2025, Plaintiff failed to effectuate proper service on Mr. Madrigal. These attempts were made at times and places where Plaintiff's representatives knew or should have known Mr. Madrigal would not be present, given his pre-arranged travel during that week in the electronic email calendar in Plaintiff's control. Plaintiff nevertheless sought a substituted service order in state court based on those unsuccessful attempts, rather than pursuing available, more direct methods of service or notice. The state court's order for substituted service was never completed before the case was removed to federal court, and no new service has been attempted since. Because service was never properly perfected, this Court lacks personal jurisdiction over Mr. Madrigal. The attempted service should be quashed, and the case dismissed, to ensure Mr. Madrigal's due process rights are protected. Mr. Madrigal expressly preserves all defenses under Rule 12, including lack of personal jurisdiction, insufficient process, and failure to state a claim, and does not waive any defense by filing this motion (see Fed. R. Civ. P. 12(h)(1)).

## IV. FACTUAL BACKGROUND

Plaintiff Builder's Choice, Inc. filed its Verified Amended Petition on July 14, 2025, in Texas state court, adding Mr. Madrigal as a defendant. The state court issued a citation for Mr. Madrigal on July 17, 2025. Plaintiff's process server then attempted service on four occasions at Mr. Madrigal's Houston apartment (555 W. 19th Street, Apt. 709) — in the late evening of July 17, midday on July 18, early morning of July 19, and evening of July 23, 2025. The process server failed to serve Mr. Madrigal on each attempt because the apartment building was locked and inaccessible. No one answered the call box or the door, no neighbors could verify his presence, and a leasing office employee could not grant access. In sum, no papers were delivered to Mr.

Madrigal or anyone at the residence.

On July 24, 2025, the process server executed a "Declaration of Due Diligence" detailing these failed attempts (Ex. A). Plaintiff relied on this declaration to file a Motion for Substituted Service in state court on July 25, 2025. In that motion, Plaintiff asserted that 555 W. 19th Street, #709 was Mr. Madrigal's "usual place of abode" and last known address, and asked to leave the papers or use alternative methods under Texas Rule of Civil Procedure 106(b). Before any substituted service could be completed, Defendant Anthony Yanni removed the case to this Court on August 11, 2025. As of removal, Plaintiff admitted it had "yet to perfect service upon ... Mr. Madrigal." To date, Mr. Madrigal has not been served with any summons or complaint in this action.

### A.     MR. MADRIGAL'S WHEREABOUTS (JULY 17–23, 2025)

The failure of service was no coincidence. Mr. Madrigal was out of town from July 17 through July 23, 2025, visiting his children, and was not physically present at his Houston residence during any of the attempted service times. On July 17, 2025, he traveled from Houston to Nashville, Tennessee, and stayed at a hotel through the weekend (Ex. C, Hotel Invoice (Nashville) – Bates IEM000006; Ex. D, Hotel Invoice (Nashville) – Bates IEM000007). On the morning of Saturday, July 19, 2025, when the process server knocked on his Houston apartment door, Mr. Madrigal was still at his Nashville hotel (Ex. D, showing lodging through 7/19/2025). He did not return to Houston until mid-August. On Wednesday, July 23, 2025, Mr. Madrigal was in Louisiana, staying at a hotel and incurring expenses (Ex. E, Hotel Receipt (Louisiana) – Bates IEM000010; Ex. F, Credit Card Statement – Bates IEM000052, showing a transaction in Louisiana on 7/23/2025). At the time of the final service attempt in Houston, Mr. Madrigal was still out of town in Louisiana. He was not at his apartment between July 16th and August 11th. In short, during each of the four attempted service times, Mr. Madrigal was out of town.

### B. PLAINTIFF'S KNOWLEDGE OF MR. MADRIGAL'S ABSENCE

Plaintiff's own representatives were aware (or should have been aware) of Mr. Madrigal's travel schedule. As the former CEO of Builder's Choice, Inc., he had recorded his travel plans in his corporate calendar (Ex. D, Corporate Microsoft Outlook Calendar - IEM000041-42). Stanley Tidwell, a representative for Plaintiff, was familiar with the fact that Mr. Madrigal spent a great deal of time in the summer in Nashville, TN, and was also aware that he was spending more time in Austin with his mother, who was diagnosed with Alzheimer's disease. Mr. Madrigal was not evading service; he was simply away for legitimate reasons on a schedule known to Plaintiff. No attempt was made to serve him at any other easily discoverable location, such as his ex-wife's address in Tennessee. As a result, Mr. Madrigal did not have actual notice of the suit until well after the attempts, upon reviewing the filed affidavit and motion.

### C. POST-REMOVAL STATUS

Critically, Plaintiff never perfected service even under the substituted service order. Plaintiff has not re-attempted service on Mr. Madrigal via any federal procedure. No return of service was filed before this case was removed to federal court, and Plaintiff has not filed any proof that Mr. Madrigal was served. When co-Defendant Anthony Yanni removed this case, he noted in the Notice of Removal that Plaintiff had not yet served Mr. Madrigal. Plaintiff has not served a federal summons or re-served the complaint since removal. Mr. Madrigal's appearance in this action was for the limited purpose of consenting to removal and registering for electronic filing, which are procedural actions only. This motion is therefore timely and proper.

### V. SUMMARY OF THE ARGUMENT

A. **INSUFFICIENT SERVICE OF PROCESS UNDER FRCP 12(b)(5)**

When service of process is insufficient, a defendant may move for dismissal under Rule 12(b)(5). Proper service is a fundamental prerequisite to a court's personal jurisdiction. The plaintiff bears the burden of establishing valid service. Here, Plaintiff cannot meet that burden.

**No Valid Service in State Court:** Federal Rule 4(e) allows service by methods permitted under state law. In Texas, the primary methods are personal delivery or certified mail, and substituted service is only allowed by court order after diligent but unsuccessful attempts. Plaintiff's process server never personally delivered the citation to Mr. Madrigal or anyone at his home, nor was service by certified mail accomplished. The incomplete attempts do not constitute valid service.

**Removal Does Not Cure Defective Service:** Plaintiff obtained a state court order for substituted service, but it was never carried out before removal. Once the case was removed, any unexecuted substituted service became moot. At the time of removal, Mr. Madrigal had not been served at all. Removal does not cure the lack of service, and Plaintiff must now effect service under the Federal Rules (28 U.S.C. § 1448).

**Plaintiff's Lack of Diligence Warrants Dismissal:** Under Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the filing or removal to serve the defendant. Although the full period has not elapsed, the court may dismiss a case where a plaintiff fails to show "good cause" for a delay. More than a month has passed since the amended petition was filed, and Plaintiff has made no further attempts to serve Mr. Madrigal since July 23. There is no good cause for this delay.

B. **THE SUBSTITUTED SERVICE ATTEMPTS WERE NOT EFFECTIVE AND VIOLATED DUE PROCESS**

Even if the court considers the attempted substituted service, it was insufficient and should be quashed. A fundamental requirement of due process is that service be "reasonably calculated,

5

under all the circumstances, to apprise interested parties of the pendency of the action". Plaintiff's conduct undermines any claim of due diligence or reasonable notice.

**Plaintiff Knew Mr. Madrigal Was Unavailable:** Plaintiff had prior knowledge that Mr. Madrigal was away visiting his children while service was being attempted (Ex. D, Corporate Microsoft Outlook Calendar - IEM000041-42).

**No Attempt at Alternative Contact:** Texas law requires a showing that the plaintiff tried other methods of locating the defendant before resorting to substitute service. The process server's affidavit indicates he only attempted one address and did nothing more, such as contacting neighbors.

**Unreasonably Timed Attempts:** The clustering of the service attempts also calls into question their reasonableness. All attempts occurred within a one-week period when Mr. Madrigal was known to be out of town.

Given these circumstances, any purported substituted service does not satisfy due process. The court should not countenance service by ambush or mere formality. The attempted service should be quashed as insufficient.

### C. PRESERVATION OF DEFENSES AND LACK OF PREJUDICE

Mr. Madrigal has timely raised the defense of insufficient service in his first responsive filing, as required by Rule 12(h)(1). He has not delayed unreasonably and files this motion at the first opportunity after removal. Granting this motion will not prejudice Plaintiff, as it will remain free to properly serve Mr. Madrigal within a reasonable timeframe. The Fifth Circuit has been clear that actual notice cannot cure a failure to comply with the rules for proper service. See, e.g., *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) (default judgment voided for improper service). Equity and law both favor requiring Plaintiff to

start over and do it right.

## VI. Conclusion and Prayer

For the foregoing reasons, Defendant Ivan Madrigal respectfully requests that the Court grant this motion. Specifically, Mr. Madrigal asks that the Court dismiss the claims against him without prejudice pursuant to Rule 12(b)(5) for insufficient service of process. In the alternative, Mr. Madrigal requests that the Court quash the prior service attempts and order that Plaintiff properly serve him in compliance with Rule 4. Mr. Madrigal further requests all other relief to which he is justly entitled.

Dated: August 25, 2025.

Respectfully submitted,

/s/ _____
Ivan Madrigal
555 W. 19th Street, Apt. 709
Houston, Texas 77008
Phone: (512) 698-5342
Email: ivanbcilegal@gmail.com
Defendant, Pro Se

### CERTIFICATE OF SERVICE

I certify that on August 25, 2025, I filed the foregoing with the Clerk of Court in person and served a true and correct copy by U.S. Mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) on:

- Nicholas Petree
  Ahmad, Zavitsanos & Mensing, PLLC
  1221 McKinney St., Suite 2500
  Houston, TX 77010
  (courtesy email only: npetree@azalaw.com and service@azalaw.com)

- Colleen McKnight

McKnight Law PLLC
801 Travis Street, Suite 2101, PMG 698
Houston, TX 77002
((served by email to colleen.mcknight@mcknightlaw.us pursuant to her written consent under Fed. R. Civ. P. 5(b)(2)(E))

Courtesy copies were also transmitted by email, but Defendant has not consented to service by electronic means under Rule 5(b)(2)(E).

/s/ _____
Ivan Madrigal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUILDER'S CHOICE, INC. | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Case No. 4:25-cv-03736 |
| IVAN MADRIGAL AND ANTHONY YANNI | | |
| Defendant. | | |

## PROPOSED ORDER ON DEFENDANT IVAN MADRIGAL'S MOTION TO QUASH SERVICE AND, IN THE ALTERNATIVE, MOTION TO DISMISS

Pending before the Court is Defendant Ivan Madrigal's Rule 12(b)(5) Motion to Quash Service and, in the Alternative, Motion to Dismiss for Insufficient Service. Having reviewed the motion, the Court ORDERS as follows:

[ ] The motion is GRANTED. Plaintiff's attempted service on Defendant Ivan Madrigal is DISMISSED WITHOUT PREJUDICE under Rule 12(b)(5) for insufficient service of process.

[ ] The motion is GRANTED IN PART. Plaintiff's attempted service on Defendant Ivan Madrigal is QUASHED. Plaintiff shall properly serve Defendant in compliance with Federal Rule of Civil Procedure 4 within 21 days of this Order, or the claims against him will be dismissed without prejudice.

[ ] The motion is DENIED. Defendant shall answer or otherwise respond to Plaintiff's pleading within **14 days of this Order.**

**IT IS FURTHER ORDERED** that nothing in this Order shall be construed as a waiver of Defendant Ivan Madrigal's defenses preserved under Rule 12(h)(1) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

Signed this ___ of _____, 2020.

                                                      **KENNETH M. HOYT**
                                                    **UNITED STATES DISTRICT JUDGE**